## TOLLIVER v STATE

Ohio Appeals, 4th Dist, Athens Co
Decided Nov 21, 1930

A. P. Miller, Pomeroy, and Wolley & Rowland, Athens, for Tolliver.

R. D. Williams, Athens, and Paul M. Herbert, Columbus, for State.

## BY THE COURT

The facts referred to, supplemented by all of the other proven facts, do not in our opinion make anything like a case of murder in the first degree. If, as the Supreme Court held, the facts in the opinion in **Foster v. State, 90 Oh St 241,** disclosed no evidence of deliberate and premeditated malice surely it can not be said that the record in this case shows deliberate and premeditated malice beyond a reasonable doubt, for in our judgment the Foster case was a stronger one for the state so far as murder in the first degree is concerned than is the case at bar.

There were certain errors that occurred in the trial of the case that may have contributed to what we conceive to be a miscarriage of justice. Some of these errors standing alone would be of too slight significance to warrant a judgment of reversal, while others of them are of more vital import.

The general charge of the court upon the essential elements of murder in the first degree is not clear. In the eighth paragraph where the elements of first degree murder are recited "purpose to kill" is not included altho the word "purposely" is subsequently defined in the same paragraph. The omission of the element of purpose in reciting the elements of first degree was erroneous. The last two sentences of the same paragraph are either erroneous or obscure. The charge says that to constitute murder in the first degree the "act" must have been unlawful, malicious and deliberately premeditated, and refers to the "act" in three different places without clearly indicating whether the act referred to was the act of shooting or the act of killing, but the fair construction is that the court had reference to the act of shooting. **12400 GC** defining murder in the first degree is involved, but what it means is that the purpose to kill must

co-exist with a deliberate and premeditated malice, and that the purpose and deliberate and premeditated malice run not to the shooting but to the killing.

The special charge requested by the state was clear and correct in the matter just referred to. That special charge, however, was unfortunate in the use of this sentence:

"The operations of the mind are so swift and deed follows thought so quickly that the deliberation and premeditation and decison and act may all occur in a very brief space of time."

This is practically the language used in Burns v. State, 3 Western Law Gazette 323, where the charge said that deliberation and premeditation may be accomplished in a moment. This charge was held to be erroneous. The rule seems to be that while it is correct to advise the jury that deliberation and premeditation are not required to continue longer than a moment it is error to say that they may occur in a moment. Early v. State, 16 C. C. 646, Patterson's Criminal Law (3 ed.) p. 588.

The charge was further in error where in the thirteenth paragraph the court said:

"The defendant admits that said Floyd Katzenbach died on March 6, 1930, as the result of a gun shot wound received by him on that date from a pistol or revlover in the hands of the defendant."

We are advised that the bill of exceptions might be corrected to show that such an admission was made, and if this were the only error in the record the bill of exceptions would be remanded for such correction if such correction were possible. Other considerations render this unnecessary.

The record shows that the accused on two different occasions many years ago had been convicted of assault and battery. In the fourteenth paragraph of the charge the evidence establishing these facts was properly limited in its scope, the court advising the jury that those convictions were material only for the purpose of reflecting upon the credibility of the accused To this correct instruction the following was added:

"Persons who have been guilty of crimes are in law considered not as likely to tell the truth as persons who have not been so guilty."

This was wrong. It is not true in law, nor is it true in fact necessarily, that one who has at some time been convicted of assault and battery or some other offense is less likely to tell the truth than one who has not been so found guilty. The instruction was, of course, seriously prejudicial.

As indicated, the verdict in this case must be set aside. The evidence does not, however, sustain the contention of the defendant. He made no case of self-defense, nor would the jury under the evidence have been warranted in finding the shooting accidental. While we would not reverse a verdict for murder in the second degree on the evidence in this case, we would if charged with the duty of finding on the facts find him giulty of manslaughter. This is here referred to because of the new powers conferred on the court by 13449-1 and 13459-6 GC (113 O. L. 195, 213). These sections have not received judicial interpretation or practical application so far as we know. The advice of counsel is now invited upon the proper alternative to pursue. Should this court reverse the judgment generally and remand the case for re-trial upon the indictment for murder in the first degree or find the defendant guilty of manslaughter and re-sentence him accordingly? Counsel are requested to submit their briefs upon this question as soon as convenient.

Middleton, PJ, Mauck and Blosser, JJ, concur.